**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**BILLY GENE STAGGS**                                                **PLAINTIFF**

**V.**                         **Case No. 3:25-CV-00115-BSM-PSH**

**FRANK BISIGNANO, Commissioner,**
**Social Security Administration**                                   **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.    INTRODUCTION

Mr. Staggs previously filed applications for disability benefits and supplemental security income on March 7, 2016. (Tr. at 686). After denials at the initial and reocnsiderindation levels, an Administrative Law Judge issued an unfavorable decision on September 20, 2017. *Id*. The decision was not appealed.

On February 17, 2020, Mr. Staggs filed applications for disability benefits and

supplemental security income. (Tr. at 17). In both applications, he alleged disability beginning on February 1, 2016 (subsequently Mr. Staggs amended his alleged onset date to November 10, 2015). *Id.*, (Tr. at 686). The applications were denied initially and upon reconsideration. On April 21, 2022, an ALJ held a hearing. (Tr. at 17). On October 17, 2022, the ALJ issued an unfavorable decision, finding that Mr. Staggs was not disabled. (Tr. at 17-29). On July 25, 2023, the Appeals Council declined to review the ALJ's decision. (Tr. at 763-767). Mr. Staggs filed a complaint in this Court asking for judicial review. (Tr. at 769). On May 14, 2024, the Administration filed a motion to remand for further administrative proceedings. *Id*. The Court granted the motion. (Tr. at 769-770).

Thereafter, the Appeals Council remanded the case to an administrative law judge. (Tr. at 777-779). In the Appeals Council order, it noted that the ALJ did not address the reopening of the prior claim, which claim was denied by an ALJ on September 20, 2017. (Tr. at 777-778) The Appeals Council remand order instructed the ALJ to properly consider whether reopening the prior claim was required. *Id*. Good cause must be shown to reopen a prior claim. 20 C.F.R. §§ 404.988(b), 404.989, and HALLEX I-2-9-40.

An ALJ held a hearing on January 30, 2025, and on Ferbruary 24, 2025, the ALJ found that Mr. Staggs was not disabled from the day after the prior ALJ's denial through February 24, 2025. (Tr. at 685-703).

Mr. Staggs opted to file directly in this Court, rather than appeal to the Appeals Council. The ALJ's decision now stands as the final decision of the Commissioner. For the reasons stated below, the Court recommends that the Commissioner's decision be affirmed.

## II.   THE COMMISSIONER'S DECISION

The ALJ found, at Step One, that Mr. Staggs has not engaged in substantial gainful activity since September 21, 2017, the day after the prior ALJ denial.[1] (Tr. at 689). At Step Two, the ALJ determined that Mr. Staggs has the following severe impairments: adjustment disorder with anxiety, history of schizophrenia, borderline intellectual functioning, osteoarthritis of the knees, and obstructive sleep apnea. *Id*.

At Step Three, the ALJ determined that Mr. Staggs' impairments did not meet or equal a Listing.[2] (Tr. at 690-694). Next, the ALJ concluded that Mr. Staggs has the residual functional capacity ("RFC") to perform work at the light exertional level with the following additional limitations: (1) no more than occasional stooping, kneeling, crouching, and crawling; (2) no more than occasional climbing of stairs

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

[2] The Listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just "substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

and ramps, but no climbing of ladders, ropes, or scaffolds; (3) can understand and remember simple instructions; (4) can sustain attention and concetration to complete simple tasks with customary workplace breaks; (5) can interact frequently with supervisors and coworkers, but only occasionally interact with the general public; (6) can tolerate occasional changes in a routine work setting; and (7) there should be no reading or writing as a requirement of the job function. (Tr. at 694).

At Step Four, the ALJ relied upon testimony from a Vocational Expert ("VE") to find that Mr. Staggs is unable to perform any of his past relevant work. (Tr. at 700). Based upon additional VE testimony, the ALJ found, based on Mr. Staggs' age, education, work experience, and RFC, that there are jobs in the national economy that Mr. Staggs can perform. (Tr. at 701-703). Therefore, the ALJ concluded that Mr. Staggs was not disabled. *Id*.

## III.   DISCUSSION

### A.   Standard of Review

"In reviewing the ALJ's decision," the Court "examine[s] whether it is supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). "Substantial evidence is that which a 'reasonable mind might accept as adequate to support a conclusion,' whereas substantial evidence on the record as a whole entails 'a more scrutinizing analysis.'" *Reed v. Barnhart*, 399 F.3d

917, 920 (8th Cir. 2005) (citations omitted). "Our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . . [W]e also take into account whatever in the record fairly detracts from that decision.'" *Gann v. Berryhill*, 864 F.3d 947, 950-51 (8th Cir. 2017) (citation omitted). "Reversal is not warranted, however, 'merely because substantial evidence would have supported an opposite decision.'" *Reed*, 399 F.3d at 920 (citation omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

### B.      Summary of Medical History

Mr. Staggs' argument focuses on mental impairments. The Court will limit its discussion thereto.[3]

---

[3] *See Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.").

Mr. Staggs alleged that he had learning disability, but he scored a full-scale IQ of 70 (just above the threshold for low intellectual functioning) at a 2021 consultative examination by Kenneth P. Jones, Ph.D. (Tr. at 538-540, 696). At that exam, Mr. Staggs only alleged disability based upon physical issues. *Id*. He said he was not taking any prescription medication at the time. *Id*. He denied experiencing adaptive functioning limitations. *Id*. Mr. Staggs was unable to perform simple subtraction, multiplication, or division, but he could perform simple addition and count backwards from 20 to zero. *Id*. Dr. Jones said that Mr. Staggs was operating in the borderline cognitive functioning range. *Id*.

Mr. Staggs was diagnosed with schizophrenia but was noncompliant with seeking treatment prior to August 2020. (Tr. at 525-526). At that time, he reported that he had no auditory and visual hallucinations. *Id*. His therapist noted his previous noncompliance.[4] *Id*. Mr. Staggs had decreased functioning when he was not medicated. *Id*.

At a therapy appointment on November 10, 2021, Mr. Staggs demonstrated appropriate affect and cooperative behavior. (Tr. at 600-601). He had intact memory and normal mood and speech. *Id.* He reported stable mood and sleep, and he said he was doing better with medication.[5] *Id*. At a therapy appointment in February 2022,

---

[4] A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

[5] Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Locher v. Sullivan*, 968,

Mr. Staggs had a calm and cheerful demeanor and said he was doing well. (Tr. at 655). He had no hallucinations. *Id*. He told his provider that he had applied for disability because he "desperately" needed the income. *Id*. In May 2022, he again reported stable mood. (Tr. at 658). Appointment notes from 2023 reflected similar success with treatment, and in July 2024, Mr. Staggs reported marked improvement. (Tr. at 1011-1017). He had normal speech and appropriate mood, with no delusions or hallucinations. *Id*. In October 2024, Mr. Staggs presented as happy, and he was excited about a new apartment. (Tr. at 984). He showed wonderful insight and engaged in positive thinking. *Id*. In general, the record reflects mild conditions that improved with treatment.

Mr. Staggs reported that he could perform activities of daily living, like performing personal care, doing grocery shopping, doing yardwork, preparing meals, visiting with family, walking his dog, and playing video games.[6] (Tr. at 274-277).

C.      **Mr. Staggs' arguments on appeal**

In his brief, Mr. Staggs contends that the evidence supporting the ALJ's decision is less than substantial. Specifically, he argues that: (1) the ALJ did not give good reasons for declining to reopen the prior ALJ's decision; (2) the RFC did not

---

F.2d 725, 728 (8th Cir. 1992).
[6] Such daily activities undermine his claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

fully incorporate mental limitations; and (3) generally, Mr. Staggs could not perform substantial gainful activity.

### 1. Prior application

The Appeals Council remand instructed the ALJ to consider whether the 2016 application and denial should be reopened. (Tr. at 685). The ALJ addressed this instruction in his decision, stating that there was no good cause shown by Mr. Staggs for reopening. (Tr. at 685-686). Mr. Staggs asserts that the ALJ erred in not explaining further why he did not reopen the claim.

Good cause for reopening a final decision exists where: (1) new and material evidence is furnished; (2) a clerical error in the compuation or recomputation of benefits was made; or (3) the evidence that was considered in making the determination or decision clearly shows on its face that error was made. 20 C.F.R. §§ 404.989(a), 416.1489(a). Mr. Staggs did not claim at any point in his appeal that he met the good cause requirements. He merely states that the ALJ did not fully explain his decision. Without any good cause petition by Mr. Staggs or any agument that he met the good cause criteria, remand on this point is unwarranted.

### 2. Mental Limitations

Mr. Staggs asserts that the RFC did not accurately reflect mental limitations. He argues that because the ALJ found, at Step Three, that Mr. Staggs was moderately limited in his ability to concentrate, persist, and maintain pace, the RFC should have

included specific restrictions in those areas. (Tr. at 691). The RFC did limit Mr. Staggs to simple work requiring only simple instructions, with a restriction to completing simple tasks with customary workplace breaks, and the ability to tolerate no more than occasional changes in a routine work setting. (Tr. at 694). This aligns with the state-agency opinions that found Mr. Staggs is capable of unskilled work, which the ALJ found to be persuasive. (Tr. at 93, 128, 699).

An ALJ is not required to include verbatim the Step Three findings into the RFC.[7]  And if he has explained his RFC finding, and why further restrictions are not required, he has fulfilled his duty. The ALJ did that here: he thoroughly discussed Mr. Staggs' mental impairments, including some noncompliance with treatment, as well as improvement when he returned to treatment, and then the ALJ assigned an RFC with significant mental restrictions. The medical record does not show that Mr. Staggs' mental impairments were disabling, and Mr. Staggs has not shown that the RFC outstripped his abilities.

### 3.  Ability to perform jobs identified at Step Five

Finally, Mr. Staggs generally reiterates his prior arguments and asserts that he could not perform any work. He references his subjective allegations, which alone,

---

[7] *See Chismarich v. Berryhill*, 888 F.3d 978, 980-981 (8th Cir. 2018) (moderate difficulties in concentration, persistence, or pace are consistent with an RFC that finds a claimant capable of understanding, remembering, and carrying out simple instructions while performing non-detailed tasks; and minor inconsistencies in wording or phrasing in an ALJ's decision do not rise to the level of reversible error).

cannot form the basis of a disability finding.[8]

Mr. Staggs also argues that a statement from his brother, dated July 15, 2022, supported further RFC limitations. His brother detailed a violent altercation with Mr. Staggs' father, which Mr. Staggs denied happened. (Tr. at 351). The statement also said that Mr. Staggs had hallucinations, but the record reflects that Mr. Staggs denied hallucinations at various appointments after 2021. *Id.*

An ALJ is not required to articulate how he considered evidence from nonmedical sources, and in any event the ALJ did say he considered third party statements.[9]  (Tr. at 695). The statements of Mr. Staggs' brother do not suggest that Mr. Staggs could not perform any work. Nor does the balance of the medical evidence.

## IV.   CONCLUSION

There is substantial evidence to support the Commissioner's decision that Mr. Staggs was not disabled. Mr. Staggs made no good cause argument for reopening the prior claim, and the RFC incorporated all of Mr. Staggs' limitations.

---

[8] *See Reter v. Railroad Retirement Board*, 465 F.3d 896, 899 (8th Cir. 2006).

[9] 20 C.F.R. §§ 404.1520c(d), 416.920c(d).

IT IS THEREFORE RECOMMENDED THAT:

1.      The Commissioner's decision be AFFIRMED.

2.      Judgment be entered for the Defendant.

DATED this 9th day of March, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

11